[Crim. No. 2922. Second Appellate District, Division One.—February 16, 1937.]

THE PEOPLE, Respondent, v. JOHNNIE SENA, Appellant.

Raine Ewell for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

HOUSER, P. J.—From a judgment of conviction of defendant of the crime of grand theft, as well as from an order by which his motion for a new trial was denied, he has appealed to this court.

In his brief herein, the only point upon which appellant relies for a reversal of the judgment and the order is that the evidence was insufficient to support the judgment.

The particular crime of which defendant was convicted was that of picking the pocket of the complaining witness; and in that regard, both the complaining witness and an eye-witness to the commission of the offense identified defendant as the person who had committed it. Defendant's evidence consisted in his own testimony, to the effect that he was not at or near the place at the time when the pocket of the complaining witness was picked; also, that the physical condition of one of his arms was such that it would have been difficult,

if possible, for him to have committed the offense in the manner that was described by the eye-witness; in which latter testimony defendant was corroborated by a physician. Other similar conflicts in evidence also appeared in testimony that was given by witnesses who deposed in behalf of the people, as compared with evidence that was adduced in support of the defense that was interposed by defendant. It thus appears that in itself the evidence that was presented by the prosecution was sufficient to support the judgment; also, that the determination of the guilt of defendant largely depended upon a decision as to which line of evidence was believed to be true by the trial court. The authorities are unanimous in the declaration of the law that in circumstances such as are here presented an appellate tribunal is not warranted in disturbing either a judgment, or an order made on motion for a new trial.

The judgment, and the order by which the motion for a new trial was denied, are affirmed.

York, J., and Doran, J., concurred.